Omid E. Khalifeh, SBN 267340
Ariana Santoro, SBN 300767
James Cole, SBN 297826
**OMNI LEGAL GROUP**
10866 Wilshire Blvd., Suite 400
Los Angeles, California 90024
Phone:         310.276.6664
Facsimile:    310.305.1550
omid@omnilegalgroup.com
ariana@omnilegalgroup.com
james@omnilegalgroup.com

Attorneys for Plaintiff
1AND8, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 1AND8, INC., a New York Corporation,<br><br>               Plaintiff,<br><br>        vs.<br><br>WEST 54TH, LLC, a Delaware limited liability company; DEBORAH FIORENTINO, an individual; TIX, INC., a California Corporation; ROBERT EDMINSON, an individual; and DOES 1-10, inclusive,<br><br>               Defendants. | Case No.: 2:17-cv-08206 ODW(PLA)<br><br>**PLAINTIFF'S POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS WEST 54TH LLC AND DEBORAH FIORENTINO'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR ALTERNATIVELY TO TRANSFER VENUE**<br><br>**Hearing Date: January 29, 2018**<br>**Hearing Time: 1:30 PM**<br>**Courtroom 5D**<br>**Honorable Otis D. Wright, II** |

# TABLE OF CONTENTS

I.      FACTUAL BACKGROUND…………………………………………………1

II.     DEFENDANTS ARE SUBJECT TO PERSONAL JURISDICTION IN

        CALIFORNIA…………………………………………………………...3

   A.   DEFENDANT FIORENTINO IS SUBJECT TO PERSONAL JURISDICTION

        IN CALIFORNIA DUE TO HER TORTIOUS CONDUCT……………………..4

   B.   DEFENDANTS PURPOSEFULLY DIRECTED THEIR ACTIVITIES

        TOWARD CALIFORNIA…………………………………………………...6

   C.   PLAINTIFF'S CLAIMS ARISE OUT OF DEFENDANTS' FORUM-RELATED

        ACTIVITIES…………………………………………………………9

   D.   EXERCISE OF PERSONAL JURISDICTION IS REASONABLE ……………10

        1.   Defendants' Purposeful Interjection into California was Substantial……11

        2.   Defendants Experience Minimal Burden in Litigating in California…….11

        3.   Extent of Conflict With Sovereignty of Arizona………………………...12

        4.   California Has a Strong Interest In Adjudicating the Dispute…………...12

        5.   Efficient Resolution Is In Each Party's Best Interest…………………….13

        6.   Plaintiff Will Receive Convenient and Effective Relief in California…..13

        7.   The Existence of an Alternative Forum Is Not Persuasive………………13

III.    VENUE IN CALIFORNIA IS PROPER…………………………………….14

IV.     CONCLUSION………………………………………………………….15

# TABLE OF AUTHORITIES

**Cases**

*Allstar Mktg. Group, Ltd. Liab. Co. v. Your Store Online. Ltd. Liab. Co.,*...................................14

      666 F. Supp. 2d 1109 (C.D. Cal. 2009)

*Autodesk, Inc. v. RK Mace Eng'g, Inc.,*……………………………………………11,15

      2004 WL 603382 at *7 (N.D. Cal. 2004)

*Ballard v. Savage,*…………………………………………………………….………6

      65 F. 3d 1495 (9th Cir. 1995)

*Burger King Corp. v. Rudzewicz,*……………………………………….……..6,10

      471 U.S. 462, 476, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985)

*Butchers Union Local No. 498 v. SDC Inv., Inc.,*……………………………………3

      788 F.2d 535 (9th Cir. 1986)

*Calder v. Jones,*……………………………………………………………4,6

      465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984)

*Caruth v. International Psychoanalytical Ass'n,*……………………………...…11,12,13

      59 F. 3d 126 (9th Cir. 1995)

*CE Distribution, LLC v. New Sensor Corp.,*……………………………….........12,13

      380 F.3d 1107 (9th Cir. 2004)

*Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.,*………………………………...…5

      173 F.3d 725 (9th Cir. 1999)

*Core-Vent Corp. v. Nobel Indus. AB,*………………………………………...…..13

      11 F. 3d 1482 (9th Cir. 1993)

*Data Disc, Inc. v. Systems Tech. Assocs.,*……………………………………………4

      557 F.2d 1280 (9th Cir. 1977)

*Davis v. Metro Productions, Inc.,*……………………………………………5

ii

Plaintiff's Opposition to Defendants West 54th LLC and Deborah Fiorentino's Motion to Dismiss for Lack of
Personal Jurisdiction, or Alternatively to Transfer Venue

885 F. 2d 515 (9th Cir. 1989)

*Doe v. Am. Nat'l Red Cross,*……………………………………………………………………3

112 F. 3d 1048 (9th Cir. 1997)

*Dole Food Co., Inc. v. Watts,*……………………………………………………………..….6

303 F.3d 1104 (9th Cir. 2002)

*Flynt Distrib. Co. v. Harvey,*……………………………………………………………………4

734 F. 2d 1389 (9th Cir. 1984)

*Harris Rutsky & Co. Insurance Services, Inc. v. Bell & Clements Ltd.,*…………………………6,9

328 F.3d 1122 (9th Cir. 2003)

*Indiana Plumbing Supply, Inc. v. Standard of Lynn, Inc.,*…………………………………………4

880 F. Supp. 743 (C.D. Cal. 1995)

*International Shoe Co. v. Washington,*……………………………………………………………3

326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154 (1945)

*Jones v. GNC Franchising, Inc.,*……………………………………………………………15

211 F. 3d 495 (9th Cir. 2000)

*Menken v. Emm,*………………………………………………………………………3,12

503 F. 3d 1050 (9th Cir. 2007)

*Panavision Int'l L.P. v. Toeppen,*……………………………………………………………8,9,11

141 F.3d 1316 (9th Cir. 1998)

*Roth v. Garcia Marquez,*……………………………………………………………………11

942 F.2d 617 (9th Cir. 1991)

*Schwarzenegger v. Fred Martin Motor Co.,*……………………………………………………5,9

374 F.3d 797 (9th Cir. 2004)

*Sher v. Johnson,*……………………………………………………………………12

911 F. 2d 1357 (9th Cir. 1990)

Plaintiff's Opposition to Defendants West 54th LLC and Deborah Fiorentino's Motion to Dismiss for Lack of Personal Jurisdiction, or Alternatively to Transfer Venue

*Transgo, Inc. v. Ajac Transmission Parts Corp.,*……………………………………………4,5

    768 F. 2d 1001 (9th Cir. 1985)

*Wolf Designs, Inc. v. DHR & Co.,*……………………………………………………………..4

    322 F. Supp. 2d 1065 (C.D. Cal. 2004)

**Statutes**

15 U.S.C. §1072…………………………………………………………………………………..7

28 U.S.C. §1391(b)(2)……………………………………………………………………………14

## I.   FACTUAL BACKGROUND

The Museum of Ice Cream was created by 1AND8, Inc. (collectively, the "Plaintiff") and is an immersive experience, which engages all five senses in its endeavor to transport childhood fantasies into the realm of possibility. The senses of sight, sound, smell, touch, and taste are all engaged in synchrony to create a unique and memorable occasion for visitors of any age.  In the signature Sprinkle Pool, visitors to the Museum may fully immerse their bodies in a life-sized swimming pool brimming with synthetic multicolored sprinkles. As they navigate the Museum, visitors are further treated to carefully selected flavors of ice cream designed accompany each exhibit.

1AND8 Inc., first incorporated in New York, is licensed by the State of California to conduct business in California. Plaintiff maintains its principle place of business in Los Angeles, California. The Museum of Ice Cream has enjoyed remarkable success as measured by unsolicited press, social media impact, and profitability. Its founder, Maryellis Bunn, was named to *Forbes'* 30 Under 30 List 2017, and the Museum of Ice Cream has been featured on *Good Morning America*, *National Public Radio*, in articles by *The New York Times*, *The Los Angeles Times*, and *The Washington Post*, and in magazines such as *People*, *Travel and Leisure*, and *US Weekly*. *See* Exhibit A. An independent third party has estimated Plaintiff's social media impact at over 600 million impressions, due in large part to the Museum of Ice Cream's visual appeal to persons from all backgrounds, including influential celebrities. Each location generates over $10M in revenue yearly.

Plaintiff's success is founded on its original and highly valuable intellectual property. Plaintiff's first registration for MUSEUM OF ICE CREAM issued August 1, 2017 in International Class 035. On December 6, 2017, the USPTO officially recognized that the mark MUSEUM OF ICE CREAM has acquired distinctiveness and removed all restrictions to issuance for two additional marks, both in International Class 041 (amusement centers). *See*

Exhibit B. Plaintiff has twenty-six (26) additional pending trademark applications. Defendants' statements to the contrary in their Motion are therefore inaccurate and misleading. Mot. to Dismiss 6 ¶ 17-19 (stating Plaintiff was "issued a refusal" by the USPTO for registration of its trademark in connection with "'amusement centers' and the like").

Defendant West 54th LLC ("Defendant West 54") owns and operates the Art of Ice Cream Experience, an unauthorized reproduction of the Museum of Ice Cream designed to mislead consumers into believing there is an association between it and Plaintiff's actual Museum of Ice Cream. Defendant Deborah Fiorentino ("Defendant Fiorentino") is Chief Executive Officer of West 54th LLC.

From its inception, the Art of Ice Cream Experience has sought to misappropriate Plaintiff's business as closely as possible. Originally named the "Art of Ice Cream Museum," the now-called Art of Ice Cream Experience features the same art installations, color scheme, layout, and theme as the Museum of Ice Cream. *See* Exhibit C. Defendants originally contracted with the same ticketing company that sells Museum of Ice Cream tickets before contracting with Long Beach, California company Tix, Inc. Defendants also hired the very same artists who created art for the Museum of Ice Cream, requesting they recreate the same installations for the Art of Ice Cream Experience and incorporated an uninspired imitation of the signature Sprinkle Pool. *See* Exhibit D.  Now, the Art of Ice Cream Experience is open for business in Scottsdale, Arizona, located little more than a half-day's drive from the Museum of Ice Cream's principal location in Los Angeles.

When Plaintiff became aware of Defendants' intentions to open "a similar ice-cream themed art exhibit," attorneys for Plaintiff sent letters in August and October of 2017 demanding Defendants cease all infringing activity. Mot. to Dismiss 2 ¶ 4-5. Defendants refused. Plaintiff reached out to Defendants twice more, but received no response to its final correspondence. Plaintiff had no option but to file the present suit to protect its intellectual property. On

December 28, 2017, Defendants filed a Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, to Transfer Venue (the "Motion").

The Court should deny Defendant's Motion. Defendants' egregious actions have directly targeted California causing Plaintiff to suffer harm primarily in California. Defendants have thereby subjected themselves to personal jurisdiction in California.

## II.   DEFENDANTS ARE SUBJECT TO PERSONAL JURISDICTION IN CALIFORNIA

A court's exercise of personal jurisdiction over a nonresident defendant may be either general or specific. *Doe v. Am. Nat'l Red Cross,* 112 F. 3d 1048, 1050 (9th Cir. 1997). For a court to exercise its power over a nonresident, that defendant must have at least "minimum contacts" with the forum such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945). Defendants' sufficient minimum contacts with California arise from, or are related to, their actions in A) exclusively contracting with a California ticketing company, B) marketing and selling these tickets to California residents, and C) soliciting Plaintiff's artists as contractors. Additionally, Plaintiff's complained-of harm occurred in California. Defendant purposefully directed these and other actions to California, and Plaintiff's claim arises directly from them.

The Ninth Circuit has provided a three-prong test for analyzing specific personal jurisdiction: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its law; (2) the claim arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable.

*Menken v. Emm,* 503 F. 3d 1050, 1056-57 (9th Cir. 2007). The balance of this test strongly favors Plaintiff.

To defeat Defendants' motion to dismiss based on lack of personal jurisdiction, Plaintiff need only make a *prima facie* showing of jurisdictional facts. *Menken,* 503 F. 3d at 1056. Moreover, "uncontroverted allegations in the complaint must be taken as true" and "the court resolves all disputed facts in favor of the plaintiff." *Id.* at 1056. The Ninth Circuit has ruled it proper for trial courts to permit a plaintiff to proceed with discovery when, as here, such action is necessary for the plaintiff to establish the existence of personal jurisdiction. *Butchers Union Local No. 498 v. SDC Inv., Inc.,* 788 F.2d 535, 540 (9th Cir. 1986). Moreover, "discovery should ordinarily be granted where 'pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" *Id.* (quoting *Data Disc, Inc. v. Systems Tech. Assocs.,* 557 F.2d 1280, 1285 (9th Cir. 1977)). Because Plaintiff is able to make such a showing, the Court's exercise of specific jurisdiction in this case is proper.

## A.   DEFENDANT FIORENTINO IS SUBJECT TO PERSONAL JURISDICTION IN CALIFORNIA DUE TO HER TORTIOUS CONDUCT

In their Motion, Defendants' recite, in part, the fiduciary shield doctrine. Mot. to Dismiss 5 ¶ 13-15. They argue a non-resident officer is not subject to jurisdiction simply because their company is subject to jurisdiction. However, the full scope of the doctrine is not so limited. While employees in some circumstances may not be subject to personal liability in a jurisdiction solely due to the contacts of their employers, "their status as employees does not somehow insulate them from jurisdiction." *Calder v. Jones,* 465 U.S. 783, 790, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984). Rather, the fiduciary shield doctrine does not apply if, as here, the claims arise out of the employee's contacts with the forum and specific jurisdiction is proper. *Indiana Plumbing Supply, Inc. v. Standard of Lynn, Inc.,* 880 F. Supp. 743, 750 (C.D. Cal. 1995).

4

Indeed, the doctrine is inapplicable under two circumstances: (1) where the corporation is the agent or alter ego of the individual defendant; or (2) by virtue of the individual's control of, and direct participation in the alleged activities. *Flynt Distrib. Co. v. Harvey*, 734 F. 2d 1389, 1393 (9th Cir. 1984); *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F. 2d 1001, 1021 (9th Cir. 1985); *see also Wolf Designs, Inc. v. DHR & Co.*, 322 F. Supp. 2d 1065, 1072 (C.D. Cal. 2004). Both circumstances exist here. With respect to the alter ego theory, The Hagen Trust is the sole owner of Defendant West 54, and Defendant Fiorentino is the sole trustee of the Hagen Trust. Defendant West 54 acts as an alter ego of Defendant Fiorentino. With respect to primary participant theory, Defendant Fiorentino negotiated and executed all aspects of Defendant West 54's infringing activity. Thus, Defendants' application of the fiduciary shield doctrine is misplaced. Defendant Fiorentino cannot escape personal liability for her tortious acts in this way.

It is well-recognized that a corporate officer remains personally liable for "all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf." *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 734 (9th Cir. 1999). Due to Defendant Fiorentino's intricate involvement with bringing the "Art of Ice Cream Experience" to market, she is directly responsible for the harm caused by the infringing exhibit. Personal liability of corporate officers is appropriate in instances where the defendant was the "guiding spirit" or "central figure" in the challenged activity. *Davis v. Metro Productions, Inc.*, 885 F. 2d 515, 524 (9th Cir. 1989). Moreover, this "primary participant" theory applies where, as here, the party had "control of, and direct participation in the alleged activities." *Transgo, Inc.*, 768 F. 2d at 1021. This is Defendant Fiorentino's role in this case of trademark and trade dress infringement. Defendant Fiorentino was not only directly involved in creating and marketing the "Art of Ice Cream Museum," as it was first known, but was also active in negotiations with relevant vendors, artists, and ticketing

5

Plaintiff's Opposition to Defendants West 54th LLC and Deborah Fiorentino's Motion to Dismiss for Lack of Personal Jurisdiction, or Alternatively to Transfer Venue

companies. Fiorentino knew the infringing exhibit would have a potentially devastating effect on the Museum of Ice Cream and that the injury would be felt by Plaintiff in California.

## B. DEFENDANTS PURPOSEFULLY DIRECTED THEIR ACTIVITIES TOWARD CALIFORNIA

Under the first prong of the Ninth Circuit's three-part specific jurisdiction test, Plaintiff must establish that Defendants either purposefully availed themselves of the privilege of conducting activities in California or purposefully directed their activities toward California. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). While often analyzed together, purposeful availment and purposeful direction are two distinct concepts. *Harris Rutsky & Co. Insurance Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1130 (9th Cir. 2003). The "purposeful direction" analysis is proper in suits, such as this, sounding in tort. *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).

This requirement is satisfied if the defendant "has taken deliberate action" toward the forum state. *Ballard v. Savage,* 65 F. 3d 1495, 1498 (9th Cir. 1995). Defendants need not physically contact the forum so long as their actions are "purposefully directed" at forum residents. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985). This "purposeful direction" standard is analyzed under the "effects" test, which is satisfied upon a showing that Defendants (1) committed an intentional act, (2) expressly aimed at the forum state, (3) which caused harm that Defendants knew was likely to be suffered in the forum state. *Calder*, 465 U.S. at 1482.

Defendants, having full knowledge of Plaintiff's business and intellectual property rights, intentionally infringed upon Plaintiff's trademark and trade dress rights by opening the knock-off imitation Art of Ice Cream Experience. Not only did Defendants copy Plaintiff's business as closely as possible, Defendants also attempted to use the very same artists who created the Museum of Ice Cream's exhibits to create Defendant's business. Defendants' intent began when

6

Plaintiff's Opposition to Defendants West 54th LLC and Deborah Fiorentino's Motion to Dismiss for Lack of
Personal Jurisdiction, or Alternatively to Transfer Venue

Defendants were placed on constructive notice of Plaintiff's trademark rights. Plaintiff has multiple published applications and one issued registration for the mark MUSEUM OF ICE CREAM. *See* Exhibit E. For example, constructive notice of Plaintiff's application for MUSEUM OF ICE CREAM in conjunction with "[a]musement centers; Children's entertainment and amusement centers, namely, interactive play areas; Entertainment, namely, provision of physical environments in which users can interact for recreational, leisure or entertainment purposes; Arranging and conducting special events for social entertainment purposes; Arranging, organizing, conducting, and hosting social entertainment events; Children's entertainment and amusement centers, namely, interactive play areas" began when the application was published. 15 U.S.C. §1072. This mark has met the requirements for registration, has no active rejections, and has been approved for publication. *See* Exhibit F. As a consequence, Defendants' contention that Plaintiff's application was "issued a refusal" by the United States Patent and Trademark Office is outdated, inaccurate, and misleading. Mot. to Dismiss 11 ¶ 19.

Defendants' intent solidified after attorneys for Plaintiff sent multiple letters to Defendants in August and October of 2017 explaining Plaintiff's trademark and trade dress rights and requesting Defendants cease from their infringement of these rights. As a result of these correspondences, Defendants were on actual notice of the existence of Plaintiff as well as its trademark and trade dress rights at least four months prior to the present action.

Defendants were further on notice due to Plaintiff's fame. Per the USPTO, Plaintiff's Museum of Ice Cream has achieved "acquired distinctiveness," a high bar requiring a showing of a trademark's famousness throughout all levels of American society. *See* Exhibit B. Plaintiff's California locations generated this media exposure. The Museum of Ice Cream's first California location, in Los Angeles, drew a deluge of celebrities and social media influencers who abundantly documented their experience on Instagram®, Facebook®, and Twitter®. *See* Exhibit G. The press and social media coverage increased after the opening of the San Francisco

7

Plaintiff's Opposition to Defendants West 54th LLC and Deborah Fiorentino's Motion to Dismiss for Lack of Personal Jurisdiction, or Alternatively to Transfer Venue

location. Given the near-identical similarities between Defendants' Art of Ice Cream Experience and Plaintiff's Museum of Ice Cream, combined with the massive press and social media coverage of Plaintiff's California locations, Defendants' infringement was undoubtedly intentional.

In its Motion, Defendants claim, "the Art of Ice Cream Experience is a distinctly local Phoenix-Metropolitan attraction." Mot. to Dismiss 3 ¶ 25-26. Rather, in direct contradiction of this assertion, Defendants only chose to utilize "local artists" after initially passing over such Arizona artists in favor of soliciting artists used by Plaintiff in its Los Angeles location. Moreover, Defendants exclusively engaged a California corporation as their ticketing agent. While there are numerous Arizona-based ticketing companies and artists, Defendants initially passed over local Arizona artists in favor of Plaintiff's contractors, exclusively engaged a California ticketing company, and misappropriated distinct and unique intellectual property housed and provided in California. Such egregious actions were not taken by accident, suggesting Defendants were well aware of the location of the business whose trademark and trade dress they were infringing. Defendants thereby expressly aimed their wrongful actions at the State of California.

Jurisdiction in California comports with precedent. The harm to Plaintiff is similar to the harm suffered by Panavision in *Panavision Int'l L.P. v. Toeppen,* 141 F.3d 1316, 1321 (9th Cir. 1998). In that case, Panavision brought a trademark infringement action in the district court in California against defendant for making commercial use of its trademark on the internet. *Panavision Int'l L.P.,* 141 F. 3d at 1316. The Ninth Circuit held the defendants were subject to personal jurisdiction in California even though its only activity directed toward California was registering a domain name using Panavision's trademark. *Id.* at 1322. The court recognized this conduct had the effect of injuring Panavision in California because this is where it has its principal place of business and where the movie and television industry is centered. *Id.* Similarly,

here, Plaintiff's principal place of business lies in California where two of its most recent Museum of Ice Cream locations exist and where it is currently primarily using its trademark and trade dress. Moreover, California is a hub for art and entertainment. These facts coupled with Defendants' entry into the state via its contacts with not only Tix, Inc. but other California residents are sufficient for the exercise of personal jurisdiction.

### C.      PLAINTIFF'S CLAIMS ARISE OUT OF DEFENDANTS' FORUM-RELATED ACTIVITIES

The second requirement for specific personal jurisdiction is that Plaintiff's claim arise out of Defendants' forum-related activities. *Panavision Int'l L.P.,* 141 F. 3d at 1322. Per *Panavision,* this factor requires the Court to "determine if plaintiff would not have been injured "but for" defendants' conduct directed toward [Plaintiff] in California." *Id.* This requirement is satisfied. But for Defendants' unlawful infringement of Plaintiff's trademarks and trade dress as facilitated by its contract with co-defendant Tix, Plaintiff would not have suffered harm to its goodwill and brand reputation. Plaintiff's claims arise directly from Defendants' substantial contacts with California.

Defendants misrepresent both their actions and the governing law when they argue that California jurisdiction should not apply because they "have no physical presence in California" and that Defendants' relationship with co-defendant Tix, Inc. is merely that of "West 54th's use of a ticketing software application on its website." Mot. to Dismiss 8 ¶ 22-28. First, a physical presence in California is not required.  In fact, a defendant need not accomplish any physical act within California to engage in "forum-related activities." *Harris Rutsky & Co. Ins. Servs.,* 328 F.3d at 1122. Second, Defendants executed an exclusive services agreement with Tix, Inc. a California corporation, and in fact did exclusively use Tix, Inc. to provide tickets to customers. It is well-established that actions such as executing a contract in the forum state is sufficient to satisfy this requirement. *Schwarzenegger,* 374 F.3d at 802. ("A showing that a defendant

purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there.") By contacting multiple California residents, soliciting the same California artists used as contractors by Plaintiff, entering into an exclusive contract with Tix, Inc., a California corporation, and usurping Plaintiff's intellectual property currently displayed in California, Defendants engaged in "forum-related activities."

Defendants further claim to have been "unaware that tix.com was operated by Tix, Inc. in California." Mot. to Dismiss 12 ¶ 22-23. This information is available on the front page of tix.com, where Tix, Inc. provides a street address in Long Beach, California as well as a Long Beach area code customer service phone number. *See* Exhibit H. Thus, it cannot be supposed that Defendants were ignorant of Tix, Inc.'s domicile.

Plaintiff suffered the brunt of the harm in California. At the time the Art of Ice Cream Experience opened, the misappropriated intellectual property was housed, displayed, and was generated exclusively in California. As mentioned *supra*, Plaintiff's business relationships with Plaintiff's artist contractors were injured in California due to Defendants' solicitation thereof, putting these artists in a conflict of loyalty. Plaintiff's claims arise out of Defendants' California-related activities.

### D.    EXERCISE OF PERSONAL JURISDICTION IS REASONABLE

Once the court finds purposeful availment, it is Defendants' burden to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp.*, 471 U.S. at 476-77. In making the determination of reasonableness, the following factors are relevant: (1) the extent of Defendants' purposeful interjection into the forum; (2) the burden on Defendants of defending in the forum; (3) the extent of conflict with the sovereignty of the Defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the

importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Panavision Int'l, L.P.,* 141 F.3d at 1323. No single factor is dispositive but instead, all seen must be balanced. *Roth v. Garcia Marquez,* 942 F.2d 617, 623 (9th Cir. 1991). These factors weigh in favor of the exercise of personal jurisdiction over Defendants in this district.

### 1. Defendants' Purposeful Interjection into California was Substantial

The degree of Defendants' interjection was extensive. Defendants' acts were aimed at Plaintiff and particularly, its most recent Museum of Ice Cream locations in California. Defendants were aware of Plaintiff's registered trademarks and distinct trade dress and deliberately opened a copycat exhibit with confusingly similar trade dress and trademark. Defendants also contacted multiple California residents in order to create its infringing exhibit. Moreover, another district court has noted "the court's determination that defendant has purposefully directed its activities toward California is sufficient to resolve this factor in favor of jurisdiction." *Autodesk,* 2004 WL 603382 at *7 (N.D. Cal. 2004). Since, as discussed above, Plaintiff can likely establish purposeful direction by Defendants, the purposeful interjection factor weighs strongly in favor of personal jurisdiction.

### 2. Defendants Experience Minimal Burden in Litigating in California

While a defendant's burden in litigating in the forum is a relevant factor to this determination, unless the "inconvenience is so great as to constitute a deprivation of due process, it will not overcome clear justifications for the exercise of jurisdiction." *Caruth v. International Psychoanalytical Ass'n,* 59 F. 3d 126, 128-29 (9th Cir. 1995). The mere fact that Defendant West 54 is not incorporated in nor does it hold its principal place of business in California does not render its burden of litigating in California unreasonably high and Defendants' preference to litigate in Arizona does not make the existence of jurisdiction in California unreasonable. Additionally, The Ninth Circuit has recognized "with the advances in transportation and

telecommunications and the increasing interstate practice of law, any burden is substantially less than in days past." *Menken, 503 F. 3d at 1060 (quoting CE Distribution, LLC v. New Sensor Corp.,* 380 F.3d 1107, 1112 (9th Cir. 2004); *See also Sher v. Johnson,* 911 F. 2d 1357, 1365 (9th Cir. 1990) ("In this era of fax machines and discount air travel, requiring [Defendants] to defend itself in California under the circumstances as it alleges them would not be so unreasonable as to violate due process."). Moreover, any geographical burden that Defendants may feel is reduced significantly by the fact that they have already retained a California attorney to represent them.

### 3. Extent of Conflict with Sovereignty of Arizona

Defendants have not and cannot present any evidence of a conflict with sovereignty. Any challenge would be based merely on Defendants' residence in another state. When "nothing in the record indicates that litigation of this matter in [California] would create a conflict with the sovereignty of [Arizona]," this factor weighs in favor of the exercise of personal jurisdiction over Defendants in Arizona. *CE Distrib., LLC,* 308 F. 3d at 1112. Further, as Defendant acknowledges, "Plaintiff has alleged six counts, all of which are federal claims." Mot. to Dismiss 16 ¶ 5-6. Thus, Arizona law is irrelevant here as federal law applies.

### 4. California Has a Strong Interest in Adjudicating the Dispute

As discussed above, Plaintiff has its principal place of business in California, where it most significantly feels the effects of Defendants' tortious conduct. California thereby has a strong interest in protecting Plaintiff and its rights. While, as Defendants suggest, "Arizona has a distinct interest in the fair treatment of proprietors who take on risk in bringing about such cultural projects," so too does California have a distinct interest in the fair treatment of its businesses who take great efforts to create and protect their intellectual property rights. Mot. to Dismiss 14 ¶ 14-15). The Ninth Circuit indeed acknowledges that California "has a substantial interest in adjudicating the dispute of one of its residents who alleges injury due to the tortious

conduct of another." *CE Distrib., LLC,* 308 F. 3d at 1112.This factor also weighs in Plaintiff's favor.

### 5. Efficient Resolution is in Each Party's Best Interest

This factor focuses especially where the witnesses and evidence are likely to be located. *Caruth,* 59 F. 3d at 129. Contrary to Defendants' assertions that "[t]he majority of witnesses and the evidence are in Arizona," the bulk of evidence relevant to this case is located in California. At the time Defendants opened their infringing museum, the Museum of Ice Cream was only located in San Francisco and Los Angeles. A Miami location has only recently opened. The Museum of Ice Cream is the actual center of the dispute since it is this exhibit from which Plaintiff's trademark and trade dress rights stem. Accordingly, much of the relevant evidence is physically located in California. Some of the evidence may be located in Arizona as this is where Defendants' infringing exhibit is located, but it is by no means a burdensome amount. Nonetheless, this factor is no longer weighed heavily given the modern advances in communication and transportation. *Id*.

### 6. Plaintiff Will Receive Convenient and Effective Relief in California

The maintenance of a suit outside of California would be inconvenient and costly for Plaintiff. The Ninth Circuit has recognized that "[l]itigating in one's home forum is obviously most convenient." *CE Distrib., LLC,* 308 F. 3d at 1112. Here, the Central District of California is particularly convenient to Plaintiff as its principal place of business is located here as are its witnesses and evidence. However, since this factor is often given little weight, it is, at worst, neutral in this case. *Core-Vent Corp. v. Nobel Indus. AB,* 11 F. 3d 1482, 1490 (9th Cir. 1993).

### 7. The Existence of an Alternative Forum

While an alternative forum may exist, the Central District of California is convenient to Plaintiff and a large number of the witnesses and custodians of evidence, including Plaintiff and many third parties. Defendants have not averred any persuasive reason why this action should be

13

moved to an alternative forum. Accordingly, this factor is neutral or tips in favor of exercising personal jurisdiction over Defendants in California.

On balance, these factors overwhelmingly weigh in favor of litigating Plaintiff's claims in this District. Defendants cannot present a compelling case that this Court's exercise of jurisdiction would be unreasonable and deprive them of due process. Thus, this District may properly exercise personal jurisdiction over Defendants.

## III.    VENUE IN CALIFORNIA IS PROPER

Defendants' argument regarding venue disregards the facts, and venue is proper here for several reasons. Plaintiff has clearly established that this Court has personal jurisdiction over Defendants in this District. Where a Defendant is subject to personal jurisdiction, venue is proper. *See Allstar Mktg. Group, LLC v. Your Store Online,* 666 F. Supp. 2d 1109, 1127 (C.D. Cal. 2009).

28 U.S.C. §1391(b)(2) provides for venue in a judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." Defendants attempt to characterize their infringing exhibit located in Arizona as the central situs of the dispute. However, Defendants' claim seems to ignore the fact that Plaintiff's rights in and to the Museum of Ice Cream trademark and trade dress stem from the physical existence and popularity of its art museum in California. Defendants' conduct was thereby directed at the venue where Plaintiff currently holds its exhibits. Moreover, as noted *supra*, Defendants reached out to multiple individuals and entities located in California, including its current ticketing service, Tix, to facilitate its efforts in copying Plaintiff's Museum of Ice Cream. Accordingly, venue in the Central District of California is proper.

The Ninth Circuit in *Jones v. GNC Franchising, Inc.,* 211 F. 3d 495, 498-99 (9th Cir. 2000) set forth a list of factors to be considered in deciding a motion to transfer venue. These

14

include: (1) the location where relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigating in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *Id.*

The balance of these factors weighs against transfer of venue to the District of Arizona. As established above, Defendants are subject to specific personal jurisdiction in California as they have sufficiently created connections with California due to their voluntary business communications and relationships with California residents. This suit arises out of these contacts with California. Further, Plaintiff chose California as the forum for its lawsuit, and this choice is supported by California's strong public policy in providing protection of a corporation's intellectual property rights. While Defendants' contention that "Plaintiff has alleged six counts, all of which are federal claims," these claims relate to the field of intellectual property and more specifically, trademark law. Mot. to Dismiss 16 ¶ 5-6. The Northern District of California has noted "California is certainly well-suited to providing plaintiff with appropriate relief for its injuries" due to the high frequency of intellectual property claims brought here. *Autodesk, Inc.,* 2004 WL 603382, at *8. Finally, as previously noted, a majority of the relevant witnesses and other sources of proof are located in California. For instance, creators and collaborators for Plaintiff's Museum of Ice Cream are located in California as is the physical museum from which the intellectual property rights flow. Therefore, this case should remain in the Central District of California and the Court should deny Defendants' request to transfer venue to Arizona.

## IV.    CONCLUSION

Through their conduct, Defendants have established the minimum contacts necessary for this Court to exercise personal jurisdiction over them. Accordingly, Defendants' motion to

dismiss should be denied. Additionally, the Court should deny the Defendants' motion to transfer the case to the District of Arizona.

     RESPECTFULLY SUBMITTED this 8th day of January, 2018.

**OMNI LEGAL GROUP**

_____

Omid E. Khalifeh
Ariana Santoro
James Cole
Attorneys for Plaintiff,
1AND8, Inc.

Plaintiff's Opposition to Defendants West 54th LLC and Deborah Fiorentino's Motion to Dismiss for Lack of Personal Jurisdiction, or Alternatively to Transfer Venue