O

# United States District Court
# Central District of California

| | |
|---|---|
| IAND8, INC., <br><br> Plaintiff, <br><br> v. <br><br> WEST 54TH LLC, et al. <br><br> Defendants. | Case № 2:17-cv-08206-ODW (PLA) <br><br> **ORDER DISMISSING ACTION AS TO CERTAIN DEFENDANTS; AND ORDER TO SHOW CAUSE RE: SERVICE** |

## I. INTRODUCTION

Plaintiff IAND8, Inc. owns and operates the Museum of Ice Cream ("MOIC"), a "pop-up" museum featuring ice cream-themed exhibits that sprinkles in bright playful colors, upbeat music, and "Instagramable" moments. (Compl. ¶¶ 18, 21, ECF No. 1.) Defendants are West 54th, LLC, which owns and operates Art of Ice Cream Experience ("AOICE"), another ice cream-themed exhibit based in Scottsdale, Arizona, and Deborah Fiorentino, an Arizona citizen and one of the owners of West 54 (collectively, "Moving Defendants"). (Compl. ¶¶ 3, 4, 26.) Plaintiff also named, but has not served, TIX, INC. and Robert Edminson as defendants.

On January 26, 2018, the Court granted Moving Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, or Alternatively to Transfer Venue (Order, ECF No. 31.) In its Order, the Court granted Plaintiff leave to amend within twenty-one days from the date of the Court's Order. (*Id.* at 12.) Plaintiff's amended complaint was

due on, or before, February 16, 2018. To date, Plaintiff has not filed an amended complaint.

## II. DISMISSAL OF CLAIMS AGAINST MOVING DEFENDANTS

Federal Rule of Civil Procedure 41(b) allows a party, or the Court, to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order…." "Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order rather than for failing to prosecute the claim." *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999). The Ninth Circuit reviews a dismissal under these rules for abuse of discretion. *Id.*

Here, the Court granted Plaintiff twenty-one days to amend from the date of the Court's Order dismissing the Complaint. (Order 12, ECF No. 31.) Plaintiff's deadline to amend has now passed, and it has not filed an amended complaint, or sought relief from this deadline.

When dismissing an action for failure to comply with a court order, the Court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Ninth Circuit affirms "a dismissal where at least four factors support dismissal, …or where at least three factors 'strongly' support dismissal." *Yourish*, 191 F.3d at 990 (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992)). "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and [the appeals court] may review the record independently to determine if the district court has abused its discretion." *Ferdik*, 963 F.2d at 1261.

The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. *See Yourish*, 191 F.3d at 990 (first factor always weighs in favor of dismissal); *Hernandez*, 138 F.3d at 401 (fourth factor always weighs against dismissal). Here, the second factor weighs in favor of dismissal. The Court must manage its docket to ensure the efficient provision of justice, and Plaintiff's failure to comply with a Court Order interferes with the Court's ability to effectively manage its docket.

The third factor addresses the potential risk of prejudice to the defendants. Here, the risk of prejudice to the Moving Defendants is slight, to non-existent. If, after the Court dismisses the action, Plaintiff does not seek reconsideration or other relief, then the Moving Defendants will have won. In the event that it does seek reconsideration, and the Court grants it, the Moving Defendants may continue to defend the action.

As for the availability of less drastic sanctions, Plaintiff's failure to file an amended complaint, or seek other relief, weighs in favor of dismissal. The Court provided Plaintiff adequate time to draft and file an amended complaint establishing personal jurisdiction. Plaintiff is represented by counsel who should be well aware of the Court's instruction, and thus cannot claim ignorance of deadlines or procedural requirements. Five days have passed since the deadline for Plaintiff to amend its Complaint, but it still has not sought relief from the Court.

On balance, the factors set forth in *Hernandez* weigh in favor of dismissing this action. *Yourish*, 191 F.3d at 990. Accordingly, the Court **DISMISSES, WITH PREJUDICE**, Plaintiff's action against the Moving Defendants.

### III. ORDER TO SHOW CAUSE

Plaintiff filed its Complaint on November 9, 2017, and the Clerk issued summons as to defendants TIX, INC., and Robert Edminson, on November 14, 2017. (ECF Nos. 1, 14, 15.) Federal Rule of Civil Procedure 4(m) provides: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its

own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Ninety days has passed since Plaintiff filed its Complaint, yet Plaintiff still has not filed a proof of service as to defendants TIX, INC. and Robert Edminson. Accordingly, the Court **ORDERS** Plaintiff **TO SHOW CAUSE**, in writing, why the Court should not dismiss Plaintiff's action against TIX, INC. and Robert Edminson, pursuant to Rule 4(m). Plaintiff must respond to this Order on, or before, **March 2, 2018**. Failure to respond will result in dismissal of this action without further notice.

## IV. CONCLUSION

For the reasons set forth above, the Court:

1. **DISMISSES**, **WITH PREJUDICE**, Plaintiff's claims against West 54th LLC, and Deborah Fiorentino; and
2. **ORDERS** Plaintiff **TO SHOW CAUSE**, in writing, before **March 2, 2018**, why the Court should not dismiss this action against the remaining defendants for failure to comply with Rule 4(m).

**IT IS SO ORDERED.**

February 21, 2018

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**